FILED

2021 Dec-17 PM 01:01
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| AMERICA'S FRONTLINE DOCTORS, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, *et al.*, <br><br> Defendants. | CIVIL ACTION NO. <br> 2:21-CV-702-CLM |

## DECLARATION OF SHARON SUTTON

I, Sharon Sutton, hereby declare as follows:

1.      I am the Chief of the Human Capital Policy, Programs, and Accountability Office, Office of the Chief Human Capital Officer (OCHCO) at the National Aeronautics and Space Administration (NASA).  In this position, I have duties related to NASA's implementation of Executive Order No. 14043.  The statements in this Declaration are based on my personal knowledge and information provided to me in my official capacity.

2.      Consistent with Executive Order No. 14043, NASA is requiring its employees to be vaccinated against COVID-19, subject to such exceptions as

1

required by law.  Required exceptions include those for medical or religious

reasons.  NASA plans to use a phased process for implementing this COVID-19

vaccination requirement with respect to employees who have not timely provided

proof of vaccination and do not have a pending or approved exception request.

     3.     NASA intends to provide unvaccinated employees with every

opportunity to become vaccinated.  If an unvaccinated employee takes steps

toward becoming vaccinated, the enforcement process would be put on hold to

give the employee time to become fully vaccinated.  In addition, if an unvaccinated

employee requests a medical or religious exception at any time, the enforcement

process would be put on hold until NASA has adjudicated the exception request.

     4.     For unvaccinated employees with no pending exception request,

NASA's enforcement process will begin with a period of education and counseling

about the benefits of vaccination and ways to obtain the vaccine.  After this

counseling period concludes, unvaccinated employees who have not submitted

exception requests may be subject to progressive, formal discipline, including a

proposed suspension followed by, where appropriate, proposed removal from

employment.

     5.     On November 29, 2021, the Office of Management and Budget

(OMB) and the Office of Personnel Management (OPM) notified the President's

Management Council to encourage agencies to continue to educate and counsel

2

employees, but to delay enforcement action, beyond education and counseling (and, if warranted, a letter of reprimand), for most employees until 2022. NASA intends to follow this guidance.

6.      Plaintiff Joseph Leahy is an employee of NASA with a service commencement date of August 19, 2002. He is a competitive service, General Schedule employee (GS-861-15, Supervisory Aerospace Engineer), currently employed at the Marshall Space Flight Center. He qualifies as an "employee" subject to the Civil Service Reform Act (CSRA). 5 U.S.C. § 7511(a).

7.      Plaintiff Leahy initiated a request with NASA for a religious exception on September 20, 2021. That request remains pending.

8.      Pursuant to NASA policy, as long as Plaintiff Leahy's exception request remains pending, Plaintiff Leahy will not be disciplined for being unvaccinated.

9.      Plaintiff Michael Nelson is an employee of NASA with a service commencement date of December 5, 1982. He is a competitive service, General Schedule employee (GS-861-14, Lead Aerospace Engineer), employed at the Marshall Space Flight Center. He qualifies as an "employee" subject to the CSRA. 5 U.S.C. § 7511(a).

10.     Plaintiff Nelson initiated a request with NASA for a religious exception on October 15, 2021. That request remains pending.

11.     Pursuant to NASA policy, as long as Plaintiff Nelson's exception request remains pending, Plaintiff Nelson will not be disciplined for being unvaccinated.

12.     At NASA, all requests for religious exceptions will be reviewed at the Agency level by the Vaccine Exception Agency Review Team (VEART).  The VEART will advise three senior NASA officials designated to make determinations as to whether employees seeking a religious exception have a sincere religious belief or practice that conflicts with the vaccine requirement.  The VEART will follow guidance from the Equal Employment Opportunity Commission (EEOC) in making recommendations.  If NASA determines that there is a conflict between the vaccination requirement and a sincerely held religious belief, reasonable-accommodation managers and supervisors will work to determine whether the religious belief or practice can be accommodated. If the designated senior NASA officials deny an exception request, the respective employee may seek reconsideration from another designated senior NASA official and would not be disciplined pending the outcome of that reconsideration.

13.     If Plaintiff Leahy's or Plaintiff Nelson's exception request is denied initially and also upon reconsideration, NASA will provide a new deadline by which they must provide proof of full vaccination against COVID-19.  This new deadline will provide the employee with at least two weeks to initiate the

4

vaccination process. During this time, the employee would not be disciplined for being unvaccinated.

14.     If Plaintiff Leahy's or Plaintiff Nelson's exception request is denied and they also fail to meet the new vaccination deadline, NASA would expect to initiate the enforcement process outlined in paragraphs 2-4 above.

15.     Plaintiff Nelson also is employed in a bargaining unit represented by the Marshall Engineers and Scientists Union (MESA), Local 27, International Federation of Professional and Technical Engineers (IFPTE). He thus could file a grievance under the negotiated grievance procedure, concerning (a) any matter relating to his employment, (b) an alleged breach or misapplication of the negotiated agreement between Marshall Space Flight Center and MESA, or (c) any claimed violation, misinterpretation, or misapplication by Marshall Space Flight Center of any law, rule, or regulation affecting his conditions of employment as defined in 5 U.S.C. § 7103(a)(14). MESA and the Marshall Space Flight Center will attempt to resolve the grievance per the procedures specified in the negotiated agreement. If the grievance remains unresolved, it may be subject to binding arbitration, with the option to file exceptions to the arbitrator's award to the Federal Labor Relations Authority.

16.     Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the above statements are true and correct.

5

Dated: 16 December 2021

Sharon Sutton
Chief, Human Capital Policy, Programs, and
    Accountability Office
Office of the Chief Human Capital Officer
NASA